**THE TIETJEN & LANG NO. 2.**

**No. 8666.**

Circuit Court of Appeals, Third Circuit.

Heard on Motion to Dismiss June 5, 1944.

Opinion on Motion to Dismiss June 19, 1944.

Edward L. P. O'Connor, of New York City, for appellants.

Winifred Sullivan, of New York City, for respondents.

Before BIGGS, MARIS, JONES, GOODRICH, and McLAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

The libellant has moved to dismiss the appeal taken by the respondents in this admiralty case upon the ground that it was not applied for in time. The motion is based upon Alaska Packers v. Pillsbury, 1937, 301 U.S. 174, 57 S.Ct. 682, 81 L.Ed. 988. In that case the Supreme Court held that appeals in admiralty are governed by Sec. 8(c) of the Act of February 13, 1925, c. 229, 43 Stat. 940, 28 U.S.C.A. § 230, which provides that "No * * * appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgmnt or decree." In the Alaska Packers case the appeal had been taken by mere notice at a time when appeals in all civil and criminal cases were required to be taken by formal application and allowance. The court held that the mere filing of a notice was not sufficient to perfect the appeal and accordingly directed its dismissal.

Subsequent to the decision in the Alaska Packers case the Supreme Court,

pursuant to statutory authority, adopted procedural rules under which appeals in all ordinary criminal and civil cases, including bankruptcy proceedings, are taken by simple notice of appeal and without formal application for and allowance of the appeal by a court or judge. These rules do not apply to admiralty cases, however, and, therefore, do not modify the rule of the Alaska Packers case.

Since appeals in the great majority of cases coming to this court are now required to be taken by the filing of a notice of appeal in the district court, this court in the interest of uniformity of procedure has directed by Rule 11(1) that appeals in admiralty cases shall also be taken by filing a notice of appeal in the district court. The notice of appeal thus filed[1] we regard as a due and sufficient application for the formal allowance of the appeal. In this respect we follow the practice of the Circuit Court of Appeals for the Second Circuit. See Rule 38 of that court. See also Compania de Navegacion Transmar v. Georgia Hardwood Lumber Co., 5 Cir., 1944, 141 F.2d 652. Compare R. F. C. v. Prudence Group, 1941, 311 U.S. 579, 61 S.Ct. 331, 85 L.Ed. 364.

In the present case the decree appealed from was entered in the district court on February 7, 1944 and the respondent's notice of appeal was filed in that court on May 4, 1944. Treating the notice as the application for the appeal, in accordance with our practice, it will be seen that the appeal was applied for within three months after the entry of the decree. The application was, therefore, in time.

The appeal was allowed on June 5, 1944, more than three months after the entry of the decree, by a judge of this court acting under the authority conferred upon him by Sec. 132 of the Judicial Code, 28 U.S.C.A. § 228, his order of allowance being endorsed upon the copy of the notice of appeal filed in this court. The fact that the appeal was not allowed within three months after the entry of the decree is immaterial, however. It is settled that if the application for an appeal was made in time the mere date of its allowance is not controlling. United States v. Vigil, 1870, 10

Wall. 423, 77 U.S. 423, 19 L.Ed. 954; Cardona v. Quinones, 1916, 240 U.S. 83, 36 S.Ct. 346, 60 L.Ed. 538. An appellant may not be deprived of his right to an appeal by reason of the failure of a judge to act promptly upon his application.

The motion to dismiss the appeal is denied.

---

[1] Since an appeal may be allowed by either the court or a judge it is sufficient if the notice applying for the appeal is filed in the district court. It is not necessary that it be presented by the appellant to a judge for allowance before it is filed. Steffler v. United States, 1943, 319 U.S. 38, 63 S.Ct. 948, 87 L. Ed. 1197.