## GEORGIA HARDWOOD LUMBER CO. *v.* COMPANIA DE NAVEGACION TRANSMAR, S. A., OWNER OF THE S. S. KOTOR.

No. 180. Argued December 14, 1944.—Decided January 2, 1945.

*Mr. John Tilney Carpenter* for petitioner.

*Mr. Wilbur E. Dow, Jr.,* with whom *Mr. William G. Symmers* was on the brief, for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This is an admiralty case here on certiorari from the Circuit Court of Appeals for the Fifth Circuit. A single question is presented. Petitioner claims that the appeal from the District Court to the Circuit Court of Appeals

was not properly taken. Since the Rules of Civil Procedure do not apply to proceedings in admiralty,[1] the question is whether the requirements of § 8 (c) of the Act of February 13, 1925, 43 Stat. 936, 940, 28 U. S. C. § 230, were met. That section provides:

"No writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

A final decree dismissing the libel was entered on April 20, 1943. On July 6, 1943, the libellant issued a notice of appeal, served it on respondent's proctors and obtained their acceptance. It filed the notice of appeal in the office of the clerk of the District Court on July 12, 1943. Nothing else was done within the three months' period except to consult the district judge on the amount of the appeal bond. The assignment of errors and the appeal bond were filed July 21st. A formal petition for appeal was filed on August 12th and allowed the 13th. On August 30th the district judge entered an order which treated the notice of appeal filed July 12th as an application for allowance of the appeal and granted it. That order recited that the libellant had assumed that the clerk would present the notice of appeal to the judge for an allowance, that the judge knew within the three months' period of libellant's intention to appeal and would have granted it if he had been so requested, though he assumed a formal allowance was not necessary. The Circuit Court of Appeals held that the notice of appeal filed July 12th was sufficient as an application for an appeal and that the failure to allow it within the three months' period was not fatal. 141 F. 2d 652.

---

[1] Rule 81 (a) (1).

We agree with the Circuit Court of Appeals. Application for an allowance of the appeal was of course necessary. *Alaska Packers Assn.* v. *Pillsbury,* 301 U. S. 174; *Wells* v. *United States,* 318 U. S. 257, 260. But the law does not prescribe the form in which an application for allowance of an appeal must be cast. We cannot say that the trial judge abused his discretion in treating the notice of appeal as an application for an allowance. It was properly filed with the clerk of the District Court.[2] *Steffler* v. *United States,* 319 U. S. 38, 40. The intention to appeal was apparent. Only a formal request was lacking. In other instances, where the scope of review was not affected, comparable irregularities in perfecting an appeal have been disregarded in the interests of justice. *Taylor* v. *Voss,* 271 U. S. 176, 182, and cases cited. We do not suggest that the mere filing of a notice of appeal must be taken as adequate. Desirable practice indicates that explicit instead of implied application for an allowance should be made in order to avoid litigation. We hold, however, that there is discretion to treat the notice of appeal as such an application.

*Alaska Packers Assn.* v. *Pillsbury, supra,* does not require a different result. In that case an appeal was sought to be perfected simply by filing a notice of appeal. But it did not appear that an appeal was ever allowed. The Court held that an appeal must be applied for and allowed.

---

[2] We therefore have a different question from that presented in *Reconstruction Finance Corp.* v. *Prudence Group,* 311 U. S. 579, 582, where a notice of appeal was filed in the District Court but the appeal had to be allowed by the Circuit Court of Appeals.

Here the appeal could be allowed either by the trial judge or by a judge of the Circuit Court of Appeals. *Alaska Packers Assn.* v. *Pillsbury, supra; McCrone* v. *United States,* 307 U. S. 61, 65; *The Tietjen & Lang No. 2,* 143 F. 2d 711, 712; Judicial Code, § 132, 28 U. S. C. § 228.

It stressed the importance of the allowance in screening out improper or premature appeals and in making certain that security for costs was provided in appropriate cases. 301 U. S. p. 177. We adhere to that decision. Under this statute an allowance of an appeal is essential. *McCrone* v. *United States,* 307 U. S. 61. We only point out that the *Alaska Packers* case did not involve the question presented here, i. e., whether a notice of appeal may suffice as an application for an allowance. Nor did it involve the further question whether the allowance must be made within the three months' period. We held in *Reconstruction Finance Corp.* v. *Prudence Group,* 311 U. S. 579, that a requirement of the Bankruptcy Act that certain appeals "be taken to and allowed by the circuit court of appeals" within a prescribed time was satisfied where the application was timely but the allowance of the appeal came later. Otherwise "the existence of the right to appeal would be subject to contingencies which no degree of diligence by an appellant could control." 311 U. S. at 582. That result is even more plainly indicated under the present statute. *The Tietjen & Lang No. 2,* 143 F. 2d 711. For where, as here, a statute merely requires that an application for an appeal be made within a prescribed time, the allowance may be granted subsequently. *Cardona* v. *Quinones,* 240 U. S. 83.

*Affirmed.*