**PETROL CORPORATION v. PETROLEUM HEAT & POWER CO., Inc., et al.**

No. 262, Docket 20583.

Circuit Court of Appeals, Second Circuit.

June 18, 1947.

John W. Burke, Jr., of New York City (Davies, Auerbach, Cornell & Hardy and Archibald A. Patterson, all of New York City, on the brief), for plaintiff-appellant Petrol Corporation.

Stanley W. Schaefer, of New York City (Foley & Statt, Frank J. Foley, Milton

James, and Lindsay D. Holmes, all of New York City, on the brief), for defendant-appellee and cross-appellant Petroleum Heat & Power Co., Inc.

George S. Brengle, of New York City (Bigham, Englar, Jones & Houston and D. Roger Englar, all of New York City, on the brief), for defendant-appellee National Bulk Carriers, Inc.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Since this action remains pending in the District Court for the fixing of the amount of damages on the liability found by the court, we are faced initially with the question whether the judgment appealed from is final and whether the case is yet ripe for review on appeal. The parties refer to the various claims and cross and counter-claims filed by them and urge that at least some are separate from those retained below and are within our jurisdiction. On the surface the issue does appear complicated not only by the separated counts of the pleadings, but also by an extensive "Final Decree" and contemporaneous repetitive "Order," both containing extensive recitals, in violation of Federal Rules of Civil Procedure, Rule 54(a), 28 U.S.C.A. following section 723c, and former Equity Rule 71, 28 U.S.C.A. § 723 Appendix. But upon analysis it becomes clear that all the claims without exception depend on the meaning and interpretation of a single provision of the charter parties controlling the rights of the parties.

The pleadings show that the basic facts are uncontested. It appears that on June 1, 1940, defendant National Bulk Carriers, Inc., as owner, chartered the tanker "Petrofuel," then being built, to defendant Petroleum Heat and Power Company, Inc., under a time charter in voyage form for a period of twelve years. On February 17, 1941, before the tanker was delivered, Petroleum subchartered it to plaintiff, Petrol Corporation, on identical form of charter, with a single exception not pertinent here. Both charters provided for the payment of identical hire on the basis of long tons of cargo carried each voyage, with the rates per ton substantially higher for the first two years than for the later years. After delivery of the tanker and during its second year of operation under the original charter, it was requisitioned by the War Shipping Administration and operated by the owner under Government order from April 20, 1942, to February 9, 1946. Since this latter date it has again been operated under the charters. This case involves the adjustment of the relations between the parties growing out of the Government requisition.

The charter parties were drawn with this contingency in view, for each contained a provision that "any time lost due to strikes, lockouts and labor disputes or requisition by the United States Government preventing vessel's operation under this charter shall be added to the twelve years' period of charter." As National correctly says, "This entire case hinges primarily on this clause." Petrol asserts that the operation of the vessel was not in fact prevented, and hence that the freight rate due is at the lower rate of the later years and the term expires in 1953 as originally determined. National claims that operation under the charter was prevented so that the freight rate for the second year is still payable and the term is automatically extended beyond 1953 for a period equivalent to the period of Government requisition. Petroleum, in between, has made alternative claims against each of the others; in its brief it generally supports the position of National. And the District Court has fully accepted National's view.

Turning now to the pleadings we find that Petrol in its complaint has set forth three separately stated claims: a "first claim" for the additional sum, alleged to be $550,000, over the charter hire received either by National or by Petroleum for operation of the vessel during the period of requisition; a "second claim" for excess charter hire (i.e., under the rate for the earlier year) demanded and received by Petroleum for use of the vessel during February and March, 1946; and a "third claim" for a declaratory judgment in accordance with its interpretation of the charter-party provision. National answered with denials and defenses of failure to state a claim as against the plaintiff, and two cross-claims as against Petroleum; a claim

for charter hire based on the rate for the second year (after the two months paid) which Petroleum had refused to pay; and a claim for a declaratory judgment according to its interpretation of the charter party. Petroleum answered with denials and defenses and a counterclaim for deficiency in charter hire, as claimed by National against it; then it added three cross-claims against National—one for failure to pay over to it the $550,000 excess over charter hire received during the period of requisition, another for the alleged over-payments for the voyages in February and March, 1946, and the other for a declaratory judgment according to its interpretation of the agreement.

The District Court declared the rights of the parties under both charters in the form contended for by National (granting both National's and Petroleum's claims for such judgment and denying Petrol's claim), granted National's motion for partial summary judgment against Petroleum on its first cross-claim "for such amount as may be found to be due National as damages," granted Petroleum's like motion on its counterclaim against Petrol "for such amount as shall be found to be due Petroleum as damages," and denied Petroleum's other motions and all motions by the plaintiff. Hence all claims by the plaintiff were dismissed, the rights of the parties were declared, and the action was retained for the court to ascertain the deficiency in charter hire, under this interpretation of the charter parties, due Petroleum from Petrol, and due National, in turn, from Petroleum.

The case is therefore one where the parties have differed as to the interpretation of a contract provision and the court has gone so far as to decide the meaning of the contract, but has not yet fixed the damages for the winning parties. No reason appears why it has not done so; the computation would now seem to be comparatively simple, if not ministerial in nature. But until that is done the judgment is not final. As has been often pointed out, the rules stress the "transaction or occurrence" as the "subject matter" of a claim, rather than the legal rights arising therefrom. F.R.C.P., Rule 54(b); Reeves v. Beardall, 316 U.S. 283, 285, 62 S.Ct. 1085,

86 L.Ed. 1478; Audi Vision, Inc. v. RCA Mfg. Co., 2 Cir., 136 F.2d 621, 624, 147 A.L.R. 574; Original Ballet Russe v. Ballet Theatre, 2 Cir., 133 F.2d 187, 189; cases collected, Clark, Code Pleading, 2d Ed. 1947, 141, 147, 148. Hence the mere fact that different claims are made arising out of this one contractual provision is not sufficient separation of the "causes" so that piecemeal appeal is permissible. Audi Vision, Inc. v. RCA Mfg. Co., supra; Libbey-Owens-Ford Glass Co. v. Sylvania Industrial Corp., 2 Cir., 154 F.2d 814, certiorari denied Sylvania Industrial Corp. v. Libbey-Owens-Ford Glass Co., 328 U.S. 859, 66 S.Ct. 1353, 90 L.Ed. 1630; Photometric Products Corp. v. Radtke, 2 Cir., 157 F.2d 849; U.S. ex rel. Weinstein v. Bressler, 2 Cir., 160 F.2d 403. The matter is of course made quite clear by the amendment to F.R. C.P., Rule 54(b), adopted by the Supreme Court and soon to become effective. See Advisory Committee's Note to F. R. 54(b) in its Report of June, 1946, pp. 70-72; Ilsen, Federal Rules of Civil Procedure with Approved Amendments, Rev.Ed. 1947, 439; 56 Yale L.J. 141; 47 Col. L. Rev. 239.

It is urged that the declaration of rights granted by the court should lead to a different result. But this is to confuse and falsify the real nature of the declaratory judgment, which is not a separate writ or form of action, but a new and desirable form of relief or remedy. Like other remedies—damages, injunction, specific performance—it is available either alone or with other relief; it is certainly not required to be sought separately from other remedies. 28 U.S.C.A. § 400(1); F.R.C.P., Rule 57, and Advisory Committee's Note thereto; Fed. Form 18; Borchard, Declaratory Judgments, 2d Ed. 1941, 135, 340, 432, 444, 816; cf. authorities in Clark, Code Pleading, 2d Ed. 1947, 336, 337. Necessarily it is final when it completes the action of the court as to the particular transaction or occurrence, just as is the case with the other remedies; but it is no more final than any of them when the court has not completed its adjudication. Hence the claims for and grant of the declaratory judgment here do not add the element of finality otherwise lacking to the adjudication made.

330

Since the case involves maritime contracts, it need not have been brought as a civil action, but could have been instituted in the admiralty, where certain appeals from interlocutory decrees are authorized by 28 U.S.C.A. § 227. See Benevento v. United States, 2 Cir., 160 F.2d 487. We have freely recognized transfers from the admiralty to the civil docket. United States v. The John R. Williams, 2 Cir., 144 F.2d 451, 454, certiorari denied Great Lakes Dredge & Dock Co. v. United States, 323 U.S. 782, 65 S.Ct. 271, 89 L.Ed. 625; James Richardson & Sons v. Conners Marine Co., 2 Cir., 141 F.2d 226, 229. The converse course would seem equally available, but it would not save these appeals, for there was no allowance of the appeals by the District Court as is still required. Georgia Hardwood Lumber Co. v. Compania De Navegacion Transmar, S. A., 323 U.S. 334, 336, 65 S.Ct. 293, 89 L.Ed. 280. Moreover, attempted application of this doctrine here would be manifestly unfair, since it would foreclose one of the appellants, which did not take its appeal within the fifteen days required by the admiralty statute. In a similar situation involving the time of taking an appeal in a bankruptcy matter, we have allowed the parties then (not improperly) "on the equity side of the court" to proceed on the basis of the longer appeal time allowed equity cases, Lowenstein v. Reikes, 2 Cir., 54 F.2d 481, certiorari denied 285 U.S. 539, 52 S.Ct. 311, 76 L.Ed. 932, a result approved by Professor Moore, 2 Collier on Bankruptcy, 14th Ed. 1940, 724-728, 999, 1000.

Appeals dismissed.