**CUTTING et al. v. BULLERDICK et al.**
No. 12324.

United States Court of Appeals
Ninth Circuit.
Dec. 16, 1949.

Harold J. Butcher, Anchorage, Alaska, for appellants.

George B. Grigsby, Anchorage, Alaska, for appellees.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is a motion to dismiss an appeal from a judgment of the District Court for the Territory of Alaska entered on April 8, 1949, ordering the sale of certain property upon the ground that no notice of appeal was filed within thirty days after April 8, 1949, there being no extension by the district court of the thirty-day period within which the appeal could be taken as provided in Section 2107 of Title 28, United States Code, Annotated.

Appellant filed on May 4, 1949, a notice of a motion later considered, which appellants contended is a notice of appeal, and sought a stay of execution during appeal upon a bond to be offered. A bond was offered and the court, on May 19, 1949, heard the motion and denied the bond offered, continued the hearing on the posting of a bond and held "that there was a notice of appeal for the purpose at least of presentation of a supersedeas bond" and saying that otherwise "there would be no ground for even considering a supersedeas bond." After the hearing of the motion on May 19, appellants filed on that day a notice of appeal admittedly in proper form.

Appellants contend that section 2107 does not apply to the Territory of Alaska and that they had three months' time to file their petition for appeal under 28 U.S.C.A. § 230. Assuming the notice of appeal may be regarded a petition for appeal, Cf. R.F.C. v. Prudence Securities Advisory Group, 311 U.S. 579, 581, 61 S.Ct. 331, 85 L.Ed. 364, we do not agree.

Section 2107 is a part of Chapter 133 of Title 28, entitled "Review—Miscellaneous Provisions." It provides in part: "Except as otherwise provided in this section, no *appeal* shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a *court of appeals* for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." (Emphasis supplied.)

■ We think Chapter 133 of Part V, Title 28, entitled "Procedure," of which Section 2107 under the title "Review—Miscellaneous Provisions" provides for the time of taking appeals in civil cases to circuit courts of appeals is supplementary to Chapter 83 of Part IV, entitled "Jurisdiction and Venue" providing for all appeals to courts of appeal. Hence we think the word "appeal" in Section 2107 includes the appeals from the Alaska district court provided in Section 1294(2), Chapter 83, reading as follows:

"§ 1294. Circuits in which decisions *reviewable.*

"*Appeals* from reviewable decisions of the district and territorial courts shall be taken to the courts of appeals as follows: * * *

"(2) From the District Court for the Territory of Alaska or any division thereof, to the Court of Appeals for the Ninth Circuit; * * *." (Emphasis supplied.)

Formerly Section 225, 28 U.S.C. provided for appeals to this court from Alaska district courts and Section 230 allowing *three* months' time for the taking of the appeal were contained in Chapter 6 of 28 U.S.C. under the title "Circuit Courts of Appeals." Both these sections were repealed by the Act of June 25, 1948, which enacted Section 1294 and Section 2107,

considered supra. As indicated, we think these two substitutes for the repealed sections 225 and 230 should be considered together.

To hold that the present section 2107 is not a substitute for repealed section 230, governing Alaska appeals, would mean that Section 1294 created appeals from Alaska courts without any time limited for their taking. We cannot believe that Congress intended any such unprecedented anomaly with the necessary uncertainty as to whether the appeal had been taken in a reasonable time, even assuming that the reasonable time doctrine be applicable.

■ We think the phrase "such action" of the fourth paragraph of Section 2107, reading "The district court, in any *such action,* suit or proceeding, may extend the time for appeal not exceeding thirty days from the expiration of the original time herein prescribed, upon a showing of excusable neglect based on failure of a party to learn of the entry of the judgment, order or decree." (Emphasis supplied.) means any appealable action in any district court and hence including the Alaska district court. We see no reason to construe the words "district court" without the succeeding phrase "in any such action" and limit the paragraph to the district courts of Section 451, which section does not include Alaska.

On May 4, 1949, within the thirty days of Section 2107, appellants filed with the court a notice reading as follows:

"To Ray R. Bullerdick, et al., Plaintiffs and to their attorneys:

"You will please take notice that on Friday the 6th day of May, 1949, at ten o'clock A.M. of said day, or as soon thereafter as counsel can be heard, at the Court Room of the District Court at Anchorage, the defendants will move the Court for an order staying all execution proceedings on the part of the plaintiffs in the above-entitled action on the grounds that the defendants feeling themselves *aggrieved* by the judgment made and entered on the 8th day of April, 1949, in the above entitled cause, *desire* to post a supersedeas bond

and perfect an appeal." (Emphasis supplied.)

■ Appellants contend this notice is a notice of appeal as well as a motion for a stay of execution and the district court so held. We think its holding is correct. At this time the practice for Alaska was in doubt, 2107 not providing for the contents of a notice of appeal and Federal Rules of Civil Procedure, rule 73, 28 U.S. C.A., not applying to Alaska. In R. F. C. v. Prudence Securities Advisory Group, 311 U.S. 579, 582, 61 S.Ct. 331, 333, 85 L.Ed. 364, where the practice also was in doubt, the court, in construing documents claimed to take an appeal, stated: "The procedure followed by petitioners was irregular. Normally the Circuit Court of Appeals would be wholly justified in treating the mere filing of a notice of appeal in the District Court as insufficient. But the defect is not jurisdictional in the sense that it deprives the court of power to allow the appeal. The court has discretion, where the scope of review is not affected, to disregard such an irregularity in the interests of substantial justice. Cf. Taylor v. Voss, 271 U.S. 176, 46 S.Ct. 461, 70 L.Ed. 889, dealing with appeals and petitions for revision under earlier provisions of the Act. In this case the effect of the procedural irregularity was not substantial. The scope of review was not altered. There was no question of the good faith of petitioners, of dilatory tactics, or of frivolous appeals. Hence it would be extremely harsh to hold that petitioners were deprived of their right to have the court exercise its discretion on the allowance of their appeals by reason of their erroneous reliance upon the permanency of London v. O'Dougherty, supra. [2 Cir., 102 F.2d 524,] * * * The failure to comply with statutory requirements, however, is not necessarily a jurisdictional defect."

Georgia Hardwood Lumber Co. v. Compania de Navegacion Transmar, 323 U.S.

334, 65 S.Ct. 293, 89 L.Ed. 280, involved an admiralty appeal requiring the filing of an application for an appeal and its allowance. No application for allowance was filed. Instead a notice that the party appealed was served on opposing counsel and filed within the three months required by the statute. The Court, in holding the notice of an appeal taken could be treated as an application for appeal by the district judge and its allowance ordered, stated at page 336, 65 S.Ct. at page 294, 89 L.Ed. 280, "The intention to appeal was apparent. Only a formal request was lacking. In other instances, where the scope of review was not affected, comparable irregularities in perfecting an appeal have been disregarded in the interests of justice."

In the notice of motion in the instant case "the intent to appeal was apparent." Cf. Brandies v. Cochrane, 105 U.S. 262, 26 L.Ed. 989, where no formal allowance of appeal was made. The taking of security and the signing of the citation was held to allow the appeal.

■ The rule of strict construction does not apply to the acquiring of jurisdiction by an appellate court. On the contrary, the steps taken for an appeal are to be liberally construed as appears from the cases cited infra. While F.R.C.P., Section 73(b), describing the contents of the notice of appeal did not then apply to Alaska, the notice here substantially satisfied its requirements that: "The Notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from; and shall name the court to which the appeal is taken."

The parties and judgment with which appellant asserts he is "aggrieved"[1] are stated. It is obvious that the court appealed to is this court, since the judgment could not have been appealed from else-

1. Federal Deposit Ins. Corp. v. Congregation Poiley Tzedeck, 2 Cir., 159 F.2d 163, 166. In Martin v. Clarke, 7 Cir., 105 F.2d 685, at page 686 the notice misdescribed the judgment but it was held valid, the court stating: "Courts are liberal in construing * * * notices of appeal." Cf. St. Marie v. United States, 9 Cir., 108 F.2d 876, 880.

where.[2] We think the notice of motion is a sufficient notice of appeal, and construe the words "desire to post a supersedeas bond and perfect an appeal" as meaning that the bond, when posted, thereby would perfect an appeal so noticed as taken.

The Supreme Court in R. F. C. v. Prudence Group, supra, states that but for the uncertainty of the law regarding the taking of an appeal the "Court of Appeals would be wholly justified in treating the mere filing of a notice of appeal in the District Court as insufficient." So here our decision is based upon such an uncertainty, now no longer existing. Since July 18, 1949, the Federal Rules of Civil Procedure have applied in Alaska and we feel constrained to add a caveat that our decision is not to be construed as any relaxation in the requirements of the rules in cases to which they are applicable.

The motion to dismiss is denied.

2. Crump v. Hill, 5 Cir., 104 F.2d 36, 37, at page 38, where the court appealed to is not named and the appeal held valid, the court stating, that compliance "formalistically" is not required.