Patrick Mahon McGEE, Petitioner,

v.

Frank EYMAN, Superintendent, Arizona State Prison, Respondent.

Misc. No. 1486.

United States Court of Appeals
Ninth Circuit.

Nov. 16, 1962.

John H. Grace, Flagstaff, Ariz., for petitioner.

No counsel for respondent.

POPE, Circuit Judge.

Upon direction of the Chief Judge of this court, I have undertaken to consider and act upon this application for a stay of execution made on behalf of petitioner who, it is stated, has been ordered executed by the respondent on the 30th day of November, 1962, pursuant to judgment and order of the Supreme Court of Arizona which has affirmed petitioner's sentence of death. The petition recites that petitioner desires to appeal to this court from the decision of the United States District Court for the District of Arizona which has denied his petition for a writ of habeas corpus.

██ At the outset I note that the petition here present merely prays for an order staying petitioner's execution. I am of the opinion that I have no jurisdiction to entertain such a petition in the absence of a certificate of probable cause or an application for such certificate as that is a condition precedent to petitioner's right to appeal. See U.S.C. Title 28, § 2253. However, since petitioner recites that he desires to appeal, I disregard this formal insufficiency in the petition and treat the petition as one both for a certificate of probable cause and for a stay of execution. Such disregard of formal irregularities is proper and appropriate under the decisions of this court. Cutting v. Bullerdick, 9 Cir., 178 F.2d 774, 12 Alaska 528, appears to be directly in point. See also the discussion of formal irregularities in notices of appeal in Yanow v. Weyerhaeuser Steamship Co., 9 Cir., 274 F.2d 274, 282.

Proceeding to the merits of petitioner's application. I find it defective in substance and wholly insufficient to present a case which this court may entertain.

Following petitioner's conviction in a Superior Court of Arizona, petitioner appealed to the Supreme Court of Arizona, State v. McGee, 91 Ariz. 101, 370 P.2d 261. Petitioner's conviction and sentence of death was affirmed. Petitioner then sought a writ of certiorari from the Supreme Court of the United States to review that decision. Certiorari was denied and petitioner then filed a petition for writ of habeas corpus in the United States District Court. The petition stated no specific grounds for the issuance of a writ of habeas corpus but incorporated by reference a copy of petitioner's motion for a rehearing in the Arizona court and a copy of the certificate of stay of execution which he obtained from the Supreme Court of Arizona pending his application for certiorari in the United States Supreme Court. The petition for writ of habeas corpus recites that "The specific facts supporting this contention are stated in" the exhibits mentioned. Neither of those exhibits contains any statement of fact which would support or warrant the issuance of a writ of habeas corpus.

It further appears that petitioner attached to his petition for a writ of habeas corpus a copy of his petition for writ of certiorari filed in the Supreme Court of the United States which contains a so-called "Summary Statement Of The Matter Involved". In this are listed, under the headings "A" to "G" inclusive, what are called "The principal questions involved on said appeal" to the Supreme Court of Arizona. Here are listed certain alleged errors of the trial court which were not corrected by the Arizona Supreme Court. These include alleged errors in permitting the case to be tried by the wrong Superior Court judge; denial of inspection of certain documents and statements of the defendant; denial of a change of venue due to alleged bias and prejudice in the community; denial of the defendant's challenge to the panel; denial of a new trial on the ground that the verdict was contrary to the weight of the evidence; denial of a new trial on the ground that the facts did not warrant the death

penalty; errors in the court's instructions respecting defendant's confession. None of these relate to any denial of any constitutional or other federal right of the petitioner.[1]

In his petition for the writ of certiorari, petitioner recited that of these claimed errors "two are notably outstanding". One of these was the denial of his application for a change of venue which he says was supported by copies of the newspaper circulated in the county where he was tried. Another error which he said was outstanding was the alleged failure of the trial court to give an instruction as to the voluntariness of the confession, and as to whether, if it was voluntarily given, it was true. He complains of the Arizona Supreme Court's discussion of this question in which it suggested that the statement was merely an admission and not a confession.[2]

In his jurisdictional statement to the Supreme Court of the United States petitioner said that he had "specially claimed under the Constitution of the United States a title, right, privilege or immunity"; but, in listing the so-called federal question sought to be reviewed he merely listed the same errors previously mentioned adding a denial of a separate preliminary hearing, a denial of bail, a charge that the county attorney in his closing argument improperly stated that "if the defendant received a life sentence in Arizona it would mean from 10 to 12 years. This is an invasion by the judiciary on the legislative or executive function." He then concluded that in affirming the conviction and the decision of the trial court, the Supreme Court of Arizona denied petitioner "due process and equal protection of the law."

A reading of the petition for the writ of habeas corpus with the other papers mentioned convinces me that petitioner's counsel are laboring under a serious misapprehension as to the function of the federal court in dealing with such a petition for the writ of habeas corpus on behalf of a state prisoner. A federal court's jurisdiction to issue such a writ is strictly limited. The only occasion for granting such a writ is stated in sub-paragraph (c) (3) of § 2241, Title 28, as follows: "The writ of habeas corpus shall not extend to a prisoner unless—* * * (3) He is in custody in violation of the Constitution or laws or treaties of the United States." A second limitation is found in § 2254 of Title 28 where the first paragraph of the section reads as follows: "An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

Neither of these requirements are satisfied here. The limitation upon a federal court in the case of a state prisoner was long ago spelled out in simple language by this court in Sampsell v. People of the State of California, 9 Cir., 191 F.2d 721, 725, as follows: "Our function in this type of proceeding is not to correct errors committed in a state trial court. * * * Federal courts must withhold interference with the administration of state criminal justice unless a federal right has been violated." [3]

1. With respect to the complaint about a refusal to permit petitioner to inspect his written confession, see Cicenia v. Lagay, 357 U.S. 504, 510, 78 S.Ct. 1297, 2 L.Ed.2d 1523.

2. The opinion of the Supreme Court of Arizona indicates that petitioner did not confess guilt but claimed that he stabbed the deceased in self-defense and admitted he took the deceased's wallet after the stabbing.

3. In that case this court held that remarks by the district attorney at the appellant's trial, similar to those complained of in the matter now before me, did not raise a due process question.

It is plain to me that no question of denial of a federal constitutional right was ever raised in the state court; that no such question was presented in the application for certiorari, and no ground for relief by way of habeas corpus was stated in the petition to the court below. Accordingly, a certificate of probable cause is denied, and a stay of execution is also denied.