**Larry FASSLER, Plaintiff-Appellant,**

v.

**John J. MORAN, Defendant-Appellee.**

**No. 76–1871.**

United States Court of Appeals,
Ninth Circuit.

June 12, 1978.

Larry Fassler, pro per.

Stanley L. Patchell, Asst. Atty. Gen., Phoenix, Ariz., for plaintiff-appellant.

William J. Schafer, III, Chief Counsel, Phoenix, Ariz., for defendant-appellee.

Before BARNES and HUG, Circuit Judges, and CURTIS,* District Judge.

PER CURIAM:

The sole issue before this court is: Was plaintiff's complaint properly dismissed? We do not reach this issue, for we lack jurisdiction to consider this appeal.

On July 12, 1973, plaintiff, an Arizona state prisoner, filed a complaint against the Director of the Arizona Department of Corrections, seeking his right to have access to legal papers to stop defendant interfering with his mail, and confiscating his personal property. He also requested various damage awards.

On February 19, 1976, the Honorable C. A. Muecke, District Judge of the District of Arizona, finding that the issues raised by plaintiff's complaint regarding his access to legal papers, and the alleged interference with his mail at the Arizona State Prison,

* Honorable Jesse W. Curtis, Senior District Judge for the Central District of California, sitting by designation.

had been severally rendered moot by plaintiff's transfer subsequent to the filing of his suit from Arizona State Prison to the United States Penitentiary at Leavenworth, Kansas, to serve a federal sentence. The Court then dismissed the ·plaintiff's complaint as moot (C.T. 442).

 On that same day (February 19, 1976), a judgment to that effect was filed by the Clerk of the District Court (C.T. 443), and entered by the Clerk on the same date, February 19, 1976 (C.T. 461). Copies of said Order and Judgment, each dated February 19, 1976, were mailed on February 19, 1976, to the plaintiff at his last known address in Alhambra, California (C.T. 461). Irrespective of notice to the plaintiff, the date of entry of judgment by the Clerk starts the time for an appeal running. *In re Forstner Chain Corp.*, 177 F.2d 572 (1st Cir. 1949).

On March 9, 1976, the plaintiff, in propria persona, delivered a document to the Clerk of the District Court for the District of Arizona (who filed the same on March 9, 1976). It was an unsigned "Motion to Vacate (the February 19, 1976) Judgment," together with Memorandum in support of said motion (C.T. 445–446).

 This was an untimely made motion. It was made specifically under Rules· of Civil Procedure, Rule 59(e). That section reads "A motion to alter or amend the judgment shall be served not later than 10 days after entry of judgment." This 10-day limitation expired on March 1, 1976.

The Arizona District Court issued its order denying plaintiff's motion to vacate the February 19, 1976 order on March 17, 1976, and the district clerk entered it the same day.

Because of this, plaintiff's appeal was likewise untimely filed. It was received and filed by the district court clerk on April 14, 1976. The thirty-day period from the date of entry of the judgment appealed from expired March 22, 1976. Rule 4, R. of App.Proc.

Appellant is not saved by the second paragraph of Rule 4, R. of App.Proc., as he might have been under subsection (3) of the second paragraph of Rule 4, had Rule 59(e) of the Rules of Civil Procedure been complied with.

Further, as Moore's Federal Practice & Procedure ¶ 9.12 states, the Court may not extend "the time for taking any action under Rules . . . 59(b), (d), & (e) except to the extent, and under the conditions stated in them." *See: Hayward v. Britt*, 9 Cir., 572 F.2d 1324 (decided March 30, 1978) at 1325; citing *Browder v. Director, Dept. of Corrections*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

The action is dismissed for lack of jurisdiction.