**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Virginia RUSSELL, Defendant-Appellant.**

**No. 76–1811.**

United States Court of Appeals,
Ninth Circuit.

July 17, 1978.

Rehearing and Rehearing In Banc
Denied Oct. 4, 1978.

Jane L. Skanderup (argued), Yreka, Cal., for defendant-appellant.

Jacques B. Gelin, Atty. (argued), Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before BROWNING, CARTER and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant's notice of appeal was filed six days after entry of the order denying appellant's motion to set aside the default judgment, but 63 days after entry of the default judgment itself. In a civil case in which the United States is a party, the notice of appeal must be filed within 60 days of judgment unless the period is tolled by the filing of an appropriate motion under Federal Rules of Civil Procedure 50(b), 52(b), or 59. Fed.R.App.P. 4(a). Appellant's motion to vacate judgment pursuant to Rule 60(b) did not toll the 60-day period. The appeal was therefore untimely as to the underlying default judgment. The only question open to review is whether the district court abused its discretion in denying appellant's Rule 60(b) motion. *Browder v. Director, Department of Corrections,* 434 U.S. 257, 263, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978).

"An order denying relief under Rule 60(b) is an appealable order, but the appeal brings up only the correctness of the order itself. It does not permit the appellant to attack the underlying judgment for error that could have been complained of on direct appeal. Moreover, the denial of a motion to vacate will be reversed only upon a clear showing of an abuse of discretion . . . ." (citations omitted). *Daily Mirror, Inc. v. New York News, Inc.,* 533 F.2d 53, 56 (2d Cir. 1976). *See, e. g., Browder v. Director, Department of Corrections, supra; Walker v. Mathews,* 546 F.2d 814, 818 (9th Cir. 1976); *Pagan v. American Airlines, Inc.,* 534 F.2d 990, 992–93 (1st Cir. 1976); *Burnside v. Eastern Airlines, Inc.,* 519 F.2d 1127, 1128 (5th Cir. 1975). "[I]n reviewing a lower court's denial of a motion under Rule 60(b), [the appellate] function is not to determine whether the court was substantively correct in entering the judgment from which relief is sought but is limited to deciding whether the judge abused his discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown . . . ." *Brennan v. Midwestern United Life Insurance Co.,* 450 F.2d 999, 1003 (7th Cir. 1971).

We therefore do not consider issues raised by appellant that go to the correctness of the underlying default judgment. These include appellant's contentions that the complaint failed to state a cause of action, that the judgment went beyond the scope of the prayer for relief, that the injunction was not sufficiently specific to satisfy the requirements of Federal Rule of Civil Procedure 65(d) or due process, and that the district court erred in awarding damages.

Appellant's contentions that are subject to review are meritless. Appellant argues that the district court lacked jurisdiction to enter the default judgment prior to an administrative determination of the validity of her Lucky Sunday Lode claim. But "[u]nder the mining laws Congress has made public lands available to people for the purpose of mining valuable mineral deposits and not for other purposes." *United States v. Coleman,* 390 U.S. 599, 602, 88 S.Ct. 1327, 1330, 20 L.Ed.2d 170 (1968). *See Andrus v. Charlestone Stone Products Co.,* —— U.S. ——, 98 S.Ct. 2002, 56 L.Ed.2d 570 (1978). The district court clearly had jurisdiction to determine whether appellant occupied the lands in question in good faith for purposes of mining, and, if the court found appellant had not, to award damages for past trespass and enjoin further occupancy. *See United States v. Noqueira,* 403 F.2d 816, 824, 825 (9th Cir. 1968). Where the issue is one of the good faith of the occupancy of government property for min-

ing uses rather than the validity of the claim, there is no reason to withhold judgment pending an administrative determination of the claim's validity. *See United States v. Haskins,* 505 F.2d 246, 253 (9th Cir. 1974).

 There was ample evidence to support the district court's finding that the default was willful and knowing, and that appellant filed the Lucky Sunday Lode claim after the default in bad faith for the purpose of delay.

Affirmed.