**CEL–A–PAK, a California Corporation, Plaintiff-Appellant,**

v.

**CALIFORNIA AGRICULTURAL LABOR RELATIONS BOARD, United Farm Workers of America, AFL–CIO, Western Conference of Teamsters and General Teamsters Warehousemen and Helpers' Union Local No. 890, Defendants-Appellees.**

No. 79–4743.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 1981.

Decided July 2, 1982.

Rehearing Denied July 28, 1982.

Richard H. Foster, San Francisco, Cal., for plaintiff-appellant.

Ellen J. Eggers, Keene, Cal., Manuel M. Madeiros, Daniel G. Stone, Agricultural Labor Relations Bd., Sacramento, Cal., for defendants-appellees.  ·

Before BROWNING, Chief Judge, WRIGHT, Circuit Judge, and BYRNE,[*] District Judge.

PER CURIAM:

Cel-A-Pak, which harvests and packs cauliflower for independent growers, brought this action against the California Agricultural Labor Relations Board ("ALRB") and the United Farm Workers of America ("UFW") to prevent assertion by the ALRB of jurisdiction over Cel-A-Pak's employees and to recover damages from UFW for injuries allegedly caused by secondary boycotts. On motion for summary judgment, the district court dismissed the claim against ALRB on the ground no justiciable controversy presently existed because appellant was not subject to threatened or actual injury by the potential exercise of jurisdiction by the ALRB, and dismissed the claim against UFW as barred by res judicata.

Judgment was entered on September 4, 1979. On September 18, appellant moved for rehearing and an injunction pending appeal. On October 26, appellant filed a notice of appeal from the September 4 judgment. On October 30, the district court filed an order denying the September 18 post-trial motions.

The notice of appeal was filed more than 30 days after entry of judgment and was therefore untimely under Fed.R.App.P. 4(a). Compliance with these time limitations is both mandatory and jurisdictional. *Browder v. Director, Dept. of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *Wallace v. Chappell*, 637 F.2d 1345, 1346 (9th Cir. 1981) (en banc).

Since the post-trial motion was filed more than 10 days after entry of judgment it did not toll the Rule 4(a) limitation period. *Browder, supra*, 434 U.S. at 264–65, 98 S.Ct. at 560–61; *see Fassler v. Moran*, 576 F.2d 1372, 1373 (9th Cir. 1978).

Appellant did not move to extend the time for appeal under Fed.R.App.P. 4(a)(5). Mere acceptance of the untimely notice of appeal will not be construed as a grant of such an extension by the district court. *United States v. Stolarz*, 547 F.2d 108, 111 (9th Cir. 1976).

Appeal from the underlying judgment of dismissal is timely only if appellant's petition for rehearing and motion for injunction pending appeal (contained in one document) may be treated as a notice of

---

[*] Honorable Wm. Matthew Byrne, Jr.,· District Judge, United States District Court for the Central District of California, sitting by designation.

appeal. Fed.R.App.P. 3(c) mandates liberality in determining compliance ("[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal"); "courts of appeals have discretion, when the interests of substantive justice require it, to disregard irregularities in the form or procedure for filing a notice of appeal." *Rabin v. Cohen*, 570 F.2d 864, 866 (9th Cir. 1978), quoting *Cobb v. Lewis*, 488 F.2d 41, 44 (5th Cir. 1974). Documents not so denominated have been treated as notices of appeal so long as they "clearly evince the party's intent to appeal" and provide notice to both the opposing party and the court. *Cobb, supra*, 488 F.2d at 45. *See Foman v. Davis*, 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962); *Blunt v. United States*, 244 F.2d 355, 359 (D.C.Cir.1957). *See e.g. Noa v. Key Futures, Inc.*, 638 F.2d 77, 78 (9th Cir. 1980) (stipulation of parties that new judgment be entered so as to allow proper appeal); *Davis v. Dept. of Corrections*, 446 F.2d 644, 645 (9th Cir. 1971) (defective motion for certificate of probable cause); *Curtis Gallery & Library, Inc. v. United States*, 388 F.2d 358, 360 (9th Cir. 1967) (designation of contents of record on appeal and statement of points on appeal); *Burdix v. United States*, 231 F.2d 893, 894, 16 Alaska 170 (9th Cir. 1956) (leave to appeal in forma pauperis). But not every document challenging the judgment or relating to a possible appeal suffices. *See Selph v. Council of City of Los Angeles*, 593 F.2d 881, 883 (9th Cir. 1979) (motion to extend the time for appeal not to be treated as a notice of appeal under the circumstances of the case).

■ Appellant's Rule 60(b) motion for rehearing clearly cannot be treated as a notice of appeal. It does not "clearly evince" an intent to appeal. To hold otherwise would circumvent the established rule that such a motion does not toll the appeal limitations period. *See Saunders v. Cabinet Makers & Millmen, Local 720*, 549 F.2d 1216, 1217 (9th Cir. 1977).

■ The motion for injunction pending appeal presents a closer question since it indicates appellant contemplated taking an appeal. In a somewhat similar case, *Cutting v. Bullerdick*, 178 F.2d 774, 776–77, 12 Alaska 528 (9th Cir. 1949), we held that Fed.R.Civ.P. 73(b), the predecessor to Fed.R.App.P. 3, could be satisfied by a notice of motion to stay execution so appellant could post a supersedeas bond and perfect an appeal. Nonetheless, we conclude that *Cutting* is not dispositive and decline to exercise our discretion to disregard the irregularity in the present case.

Since appellant is represented by counsel and neither life nor liberty is at stake, solicitude for unwary pro se and criminal litigants, a factor which often warrants exercise of the court's discretion to tolerate informalities (*see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Alley v. Dodge Hotel*, 501 F.2d 880, 883 (D.C.Cir.1974)), is not applicable to this case.

The motion seeking an injunction pending appeal has collateral consequences that could conceivably benefit the appellant even if no appeal were perfected. This distinguishes it from motions that constitute an integral and necessary part of the process of taking an appeal. Such motions offer clearer evidence of an intent to appeal, since they have no independent significance distinct from the appeals process.

If a motion for injunction pending appeal were deemed a notice of appeal, the document filed by appellant would be internally inconsistent since it contains not only the motion for injunction, but also a motion for rehearing. Appellant could not take an appeal and at the same time obtain a rehearing by the district court since an effective notice of appeal would divest the district court of jurisdiction and prevent it from acting upon the Rule 60(b) motion. *Long v. Bureau of Economic Analysis*, 646 F.2d 1310, 1318 (9th Cir. 1981), *vacated on other grounds*, 454 U.S. 934, 102 S.Ct. 468, 70 L.Ed.2d 242 (1981); *Smith v. Lujan*, 588 F.2d 1304, 1307 (9th Cir. 1979); *Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862, 869 (9th Cir. 1976).

Appellant's counsel indicated in his briefs and at oral argument that he intended that

the document *not* be treated as a notice of appeal precisely because it would divest the district court of jurisdiction to act on the Rule 60(b) motion.

Appellant cannot help but comment on the agonizing procedural situation which, in the absence of some definite rule, faced it. If a formal notice of appeal had been filed, the District Court might well have refused to consider the Rule 60(b) motion, no matter what its merits, causing another disastrous delay in decision.

Appellant's Brief in Opposition to Motion to Dismiss Appeal, p. 6. To treat the motion for injunction as a notice of appeal and yet allow the district court to retain jurisdiction would allow appellant to have its proverbial cake and eat it too.

The document filed by appellant and counsel's statements regarding it evince a desire to have the district court retain jurisdiction and alter its judgment rather than a desire to effectively take an appeal and thus terminate the district court's jurisdiction. This distinguishes *Cutting* where the notice contained no inherent ambiguity and indeed expressly stated appellants' "desire to post a supersedeas bond and perfect an appeal." 178 F.2d at 775–76.

Appellant argues that an earlier order of this court remanding the case to the district court for further proceedings was only a "limited remand," and that this court retained jurisdiction. Although the court had power to retain jurisdiction and order a limited remand, *see Sekaquaptewa v. MacDonald*, 544 F.2d 396, 400–01 (9th Cir. 1976); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3937 (1977), this court's order indicated no intention to do so. *Cf. United States v. Theriault*, 526 F.2d 698, 699 (5th Cir. 1976).

■ For these reasons we decline to treat the petition as a notice of appeal, and conclude that no timely appeal was taken from the underlying judgment.

■ The actual notice of appeal, however, may be treated as a timely appeal from the district court's order denying appellant's Rule 60(b) motion. This is true although the notice did not identify that order as the order appealed from, *see Foman, supra*, 371 U.S. at 180–82; *Jackman v. Military Publications*, 350 F.2d 383, 384 (3d Cir. 1965), and was prematurely filed before the district court disposed of the Rule 60(b) motion. *See Curtis Gallery, supra*, 388 F.2d at 360. *Cf.* Fed.R.App.P. 4(a)(4).

■ But appellant errs in arguing our review of the denial of the Rule 60(b) motion reaches the merits of the district court's grant of summary judgment. The appeal does not bring up the underlying judgment for review; we review only for abuse of discretion. *Browder, supra*, 434 U.S. at 263 n.7, 98 S.Ct. at 560 n.7; *Matter of Roach*, 660 F.2d 1316, 1318 (9th Cir. 1981); *United States v. Russell*, 578 F.2d 806, 807 (9th Cir. 1978).

Appellant concedes that ordinarily only abuse of discretion can be considered, but contends we must address the merits in this case because the post-trial motion was "addressed to the question of jurisdiction." Although review of a Rule 60(b) motion may encompass a claim that the district court acted in excess of its jurisdiction, *see United States v. Russell, supra*, 578 F.2d at 807, no such contention is advanced here. The "jurisdictional" question raised by appellant's complaint was whether the ALRB or National Labor Relations Board had jurisdiction over its employees. Appellant has never challenged the subject matter jurisdiction of the district court, and has never asserted the judgment was void. *Cf.* Fed.R.Civ.P. 60(b)(4); 11 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2862 (1973).

■ The district judge "did not abuse his discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown ..." *United States v. Russell*, quoting *Brennan v. Midwestern United Life Insurance Co.*, 450 F.2d 999, 1003 (7th Cir. 1971). The only new fact alleged was that on September 4, 1979 appellant had received notice from ALRB that union organizers would meet with appellant's employees in accordance with ALRB regulations. According to appellant, this constituted the beginning of "a whole series

of procedural steps which must be taken before an actual election is scheduled." But under the rationale of the district court's original order of dismissal, cognizable injury was still speculative and hypothetical. As the Court said in dismissing the suit: "several hypothetical events would have to occur before such a certification [of a union as bargaining representative] might pose a realistic threat of injury—a labor organization would have to file the requisite petitions, win the election, and the ALRB would have to decide that it has jurisdiction over these employees." Indeed, in dismissing the suit the court expressly concluded it was not significant that, shortly before the court ruled, UFW had filed a preliminary election petition giving notice of intent to meet with appellant's employees in accordance with ALRB regulations. In these circumstances, the court did not abuse its discretion in impliedly finding the "new" events "fail[ed] to advance the dispute out of the realm of hypothesis and conjecture into the world of reality."

Appellees' motion to dismiss the appeal from the grant of summary judgment is granted and the appeal from the judgment is dismissed. The district court's denial of appellant's motion for rehearing is affirmed.