979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman D. MCHAFFIE, Defendant-Appellant
 No. 91-56337.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 17, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Norman McHaffie appeals pro se the denial of his habeas corpus motion, 18 U.S.C. 2255, to vacate his sentence. He pled guilty to conspiracy to defraud the United States by making false statements to the Department of Defense, 18 U.S.C. § 371, and to two counts of making false statements, 18 U.S.C. § 1001. He was sentenced to three years imprisonment, three years probation and a fine in the amount of $750,000. We affirm the district court.
 
 
 3
 At the outset, this court must determine whether McHaffie's appeal is invalid because he did not sign the notice of appeal. Instead, the appeal was signed and mailed by Michael Brown, to whom he had designated power of attorney regarding legal matters arising in this case. The power of attorney authorizing Brown to sign for McHaffie was executed on June 25, 1991, shortly after the appellant had begun serving his sentence at the federal prison in Lompoc, California. The current appeal was filed by the clerk's office November 15, 1991.
 
 
 4
 The Ninth Circuit construes pro se appeals leniently. Hollywood v. City of Santa Maria, 886 F.2d 1228, 1232 (9th Cir.1989). In addition, this court interprets liberally the federal rules of appeal, encouraging the subordination of "irregularities in the form or procedure for filing a notice of appeal" to the interests of substantive justice. Cel-a-pak v. California Agricultural Labor Relations Board, 680 F.2d 664 (1982). Viewed in this light, Brown's signing for McHaffie under his power of attorney, is an "irregularity" which does not prevent us from reaching the merits of McHaffie's motion.
 
 
 5
 McHaffie was the sole owner of a company which manufactured bolts for military vehicles under contract from the Department of Defense (DOD). His relationship with DOD lasted more than a decade and involved contracts totalling millions of dollars. McHaffie and two employees conspired to defraud the government by falsely claiming that the bolts they manufactured had passed required tests. McHaffie pled guilty to the conspiracy count and to two counts of making false statements. He argues that his sentence should be vacated.
 
 
 6
 Appellant first raises the issue that he was improperly prosecuted under an information rather than an indictment. The federal rules require that serious crimes be prosecuted by indictment but allow for prosecution by information when the defendant waives the right to be prosecuted by indictment. Fed.R.Crim.P. 7(a). Such a waiver is valid when exercised by the defendant in open court "after having been advised of the nature of the charge and of the rights of the defendant."[1] Fed.R.Crim.P. 7(b). These requirements were satisfied, as the following exchange between the court and McHaffie indicates[2]:
 
 
 7
 THE COURT: I HAVE WAIVERS OF PROCEEDING BY WAY OF INDICTMENT AND AGREEMENT TO PROCEED BY WAY OF INFORMATION.... YOU HAVE THE RIGHT--FIRST OF ALL A RIGHT--BECAUSE THESE ARE FELONY OFFENSES--TO BE CHARGED BY AN INDICTMENT INSTEAD OF BY INFORMATION.... DO EACH OF YOU [DEFENDANTS] KNOW THAT YOU HAVE THESE RIGHTS? IS THAT A FAIR STATEMENT?
 
 
 8
 DEFENDANT MCHAFFIE: YES....
 
 
 9
 THE COURT: AND DO EACH OF YOU FURTHER KNOW THAT BY PLEADING GUILTY TO THIS INFORMATION YOU ARE WAIVING ALL OF THOSE CONSTITUTIONAL RIGHTS?
 
 
 10
 DEFENDANT MCHAFFIE: YES....
 
 
 11
 THE COURT: IS YOUR MIND CLEAR TODAY AND DURING THE PERIOD YOU HAVE BEEN MEETING WITH YOUR ATTORNEYS AND NEGOTIATING THIS PLEA WITH THE GOVERNMENT HAS YOUR MIND BEEN CLEAR DURING THAT PERIOD AND TODAY SO THAT YOU UNDERSTAND AND APPRECIATE WHAT YOU ARE DOING?
 
 
 12
 DEFENDANT MCHAFFIE: YES, YOUR HONOR....
 
 
 13
 Appellant's claim that the district court's fine, totalling $750,000, was excessive is similarly without merit. The same colloquy between the court and appellant, during which the plea was accepted by the court, indicates that appellant was aware that he could be sentenced to up to 15 years imprisonment (5 year maximum for each of the three counts) and fined up to $750,000 ($250,000 per count). McHaffie has presented no evidence which suggests that he was misled by government counsel or by the court below.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Appellant's claim that Rule 7 is unconstitutional is completely without merit. See Smith v. United States, 360 U.S. 1, 9 (1959)
 
 
 [2]
 The court also notes the irony in defendant's claim here: McHaffie pled guilty in part to end the year-long grand jury investigation (which probably would have resulted in an indictment with additional counts), but now claims that his plea was invalid because the prosecutor did not charge him under an indictment