94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Trudi LYTLE, Plaintiff-Appellant,
v.
Jean SERUM, Dr.; Clark County School District; Eva
Simmons; Kay Carl; Ed Goldman, Defendants-Appellees.
 No. 95-16469.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Trudi Lytle, a Clark County teacher, appeals the district court's denial of her Fed.R.Civ.P. 60(b) motion to set aside a post-judgment order denying her motion for injunctive relief without prejudice. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We will reverse the denial of a Rule 60(b) motion "only upon a clear showing of abuse of discretion." Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989) (internal quotations and citation omitted). Our review is limited to "whether the judge abused his discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown," and the appellant may not "attack the underlying judgment for error that could have been complained of on direct appeal." United States v. Russell, 578 F.2d 806, 807 (9th Cir.1978) (internal quotations and citation omitted).
 
 
 4
 Lytle contends that the district court's denial of her motion to set aside the order denying injunctive relief was an abuse of discretion. Specifically, Lytle contends that because she voluntarily agreed to withdraw her motion in settlement negotiations, the district court lacked jurisdiction to rule on the motion for relief. This contention lacks merit.
 
 
 5
 Both parties agree that they engaged in settlement negotiations, agreeing to a 60-day period during which Lytle would not pursue any grievances against the school district, Lytle would withdraw her motion for injunctive relief, and the district would not pursue any disciplinary action against Lytle. The district court's docket sheet reveals that Lytle failed to file a formal withdrawal of her motion for injunctive relief, and that the motion was still pending at the time of the district court's order. Accordingly, the district court did not err by ruling on the pending motion, and the denial of the motion to set aside the order was not an abuse of discretion. See Molloy, 878 F.2d at 315; accord United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 843 (6th Cir.1983) (stating that the withdrawal of a written motion should be in writing pursuant to Fed.R.Civ.P. 7(b)).
 
 
 6
 Appellees request sanctions against Lytle for filing a frivolous appeal. We may award damages and costs for an appeal "when the results are obvious or the arguments are wholly without merit." NLRB v. Unbelievable, Inc., 71 F.3d 1434, 1441 (9th Cir.1995); see also Fed.R.App.P. 38. Lytle's contentions on appeal are wholly without merit. Accordingly, we award appellees attorneys' fees and costs for this frivolous appeal.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3