Howard **PASTERNACK**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 71-1592.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 4, 1973.

Mr. Howard Pasternack, pro se.

Mr. Fred B. Ugast, Acting Asst. Atty. Gen., U. S. Dept. of Justice, was on the pleading for appellee. Mr. Meyer Rothwacks, Atty., Dept. of Justice, also entered an appearance for appellee.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

On November 3, 1966, appellant, a United States citizen residing in London, England, filed a *pro se* petition with the United States Tax Court for redetermination of tax deficiencies for 1962 and 1963, of $607.30 and $480.41 respectively. His petition contested the disallowance of dependency deductions for his two children. After trial held on January 26, 1970, the Commissioner's motion to dismiss appellant's case for lack of prosecution, due to his nonappearance at trial, was granted by order entered on February 17, 1970.

In a letter that was received by the Tax Court on March 24, 1970, more than 30 days after judgment was entered, appellant objected to the decision. The Tax Court through inadvertence misplaced this letter. Upon its rediscovery, the Court, on November 10, 1970, entered an order granting special leave to file the March 24 letter as a motion to vacate the February 17, 1970, judgment, and simultaneously granted the motion.

On March 31, 1971, the Tax Court granted the Commissioner's motion to vacate the November 10, 1970, order, on the ground that the February 17, 1970 order had become final, 90 days after entry, and the Tax Court was without jurisdiction to disturb it. Appellant

timely filed a notice of appeal from that decision. He was unable to appear for oral argument. We entered an order to decide the case without oral argument, have studied the briefs and the file, and come to the conclusion that reversal is in the interest of justice.

## I. FAILURE TO APPEAR AT TRIAL

■ This case requires reference to the procedural background of the default judgment that the Commissioner contends became final, beyond power to vacate or modify. We agree, for reasons to be stated, with the taxpayer's claim that irregularities ascribable to the Tax Court and the Commissioner, and not any fault of the taxpayer, are primarily accountable for the entry of the February 17, 1970, default judgment.

The Tax Court's Rules contain provisions for a Report Calendar and for a Trial Calendar.

The Report Calendar Rule provides for reports of the progress of the litigation and permits the setting of tentative trial dates.[1] The Tax Court, on three separate occasions between October 1967 and March 1969, sent Orders for Trial Status Reports to appellant in London which proposed tentative trial dates.[2] In each instance taxpayer replied that his work in London precluded attendance

except during his summer vacation. Each time the case was rescheduled.[3]

On July 31, 1969, the Court sent a Trial Status Report proposing a January 26, 1970 trial date. This notice was sent to the same address as previous correspondence, "c/o EURNAVFACE-NGCOM, Box 69, FPO New York, N.Y. 09510," a government address which had been used by appellant, as an employee of the United States Navy in London. The form provision set forth that the Report—

"shall, not earlier than 75 days, nor later than 80 days, after the date of this Order, be submitted to the Court."

Receipt of this notice was delayed, due to a change of address incident to appellant's new employment. His response was dated November 4, 1969. It was thus received by the Court more than 80 days after its order issued, but prior to the scheduled January 26, 1970 trial date. Appellant's letter advised the Court of his change of address and his inability to attend, and suggested that the trial be conducted through affidavits taken at the U.S. Embassy in London or by the local U.S. Internal Revenue Advisor.

The Tax Court's Trial Calendar Rule provides that the parties will be notified not less than 90 days in advance of the trial date.[4] On October 24, 1969, the

---

1. Rule 27(b), United States Tax Court Rules of Practice (hereinafter TCRP) provides:
   *Report Calendars.* On a calendar specifically set for the purpose or on a trial calendar, and after due notice of the time and place given to the parties by the Clerk, any cause at issue may be listed and called, first, for report as to whether the case is to be tried or otherwise disposed of, and if the latter, to report on its status, and second, if it is to be tried, for report on the current status of preparations for trial, particular reference being given to the requirements of Rule 31(b) [which relates to stipulations].

2. The proposed dates for trial and the Status Order dates are as follows: April 1, 1968 by Order of October 2, 1967; December 2, 1968 by Order of May 20, 1968; and June 16, 1969 by Order of December 10, 1968.

3. Up until the termination of his government job, appellant regularly came to the United States during the summer on vacations paid for by the government. As can be seen from the dates proposed for trial, note 2, *supra*, a summer date was only proposed in the third Order. The June 16, 1969 date was not acceptable since appellant was not entitled to take another paid vacation to the United States until 1970.

4. Rule 27(c), TCRP, provides:
   *Trial Calendars* (1) Each case, when at issue, will be placed upon a calendar for trial in accordance with Rule 26 [relating to Place of Trial; request and designation] and the Clerk, not less than 90 days in advance unless otherwise authorized by the Chief Judge, will notify the parties of the place where and the time when it will be called.

Court sent a notice to appellant at his original government address that the trial was scheduled for January 26, 1970. No supplemental notice was sent when the Court was advised by appellant's letter of November 4 of his new address. Apparently this notice reached appellant after the trial date.[5] The notice stated: "Failure to appear will be taken as cause for dismissal in accordance with Rule 27(c)(3) of the Court's Rules of Practice." That Rule provides:

*Attendance at trials.* The unexcused absence of a party or his counsel when a case is called for trial will not be the occasion for delay. The case may be dismissed for failure properly to prosecute or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties.

Although appellant was not in receipt of this notice prior to trial he was then engaged in correspondence with the Commissioner concerning the possibility, which appellant had initiated at some previous time, of presentation of the case on a set of stipulated facts.[6]

The Commissioner sent two letters with proposed stipulations. They were sent to the home (and therefore correct) address. But the Commissioner's letters, unlike those of the Tax Court, were sent by surface mail. The first letter, sent November 17, 1969, was received by appellant on January 12, 1970. The second letter, sent December 24, 1969, arrived before the first, on January 2, 1970. In the December 24 letter, the Commissioner asked why there had been no response to his November 17 letter concerning stipulations, and also advised the taxpayer that failure to appear at the scheduled January 26, 1970, trial would result in a dismissal for lack of

prosecution. The taxpayer responded immediately on January 2 that he had not yet received the November 17 letter and hoped, due to what he believed to be the strength of his case, dismissal would not result. He also indicated that he would be pleased to attempt to arrive at some stipulation. The proposed stipulation was received on January 12, 1970, and on January 13, the appellant responded, raising certain questions about the stipulations. In response to an apparent reference in the Commissioner's letter (which had been sent November 17) about the impending January 26, trial, appellant referred the Commissioner to his November 4 reply to the Trial Status Report, wherein he had requested a new trial date. Thus, the Commissioner and the Tax Court had both been informed about the requested delay.[7] Nevertheless, on January 26, 1970, the Tax Court called the case for trial, with results now to be described.

The IRS counsel moved to dismiss for lack of prosecution. The Court asked: "Did you receive some indication that he wouldn't be present?" Counsel replied that taxpayer was out of the country, no longer working for the Government, that counsel had advised taxpayer by letter of December 24 that it was the policy of the government to move orally for dismissal for lack of prosecution, of the petition of any taxpayer who did not appear at the time the case was calendared for trial. IRS counsel continued: "I received an answer to that correspondence by letter dated January 2, and Mr. Pasternack said he didn't want to lose by default but he didn't say he was going to appear for trial." Counsel further stated:

By letter dated January 13, he advised this office in one of the paragraphs

---

5. There is no reference in the record that this notice was ever received, though the records of the Tax Court indicate that it was sent to appellant's old address.

6. The taxpayer had attempted at an earlier stage in the litigation to negotiate a set of stipulations but the Commissioner had not cooperated.

7. Additional notice was supplied to the Tax Court of this fact since the taxpayer sent copies of his correspondence with the Commissioner to the Court. If these letters had been on file, Judge Fay would have been alerted to the fact that the reply to the Status Report was missing.

that he had advised the Tax Court that he wouldn't be able to make it. I, therefore, checked with the national office and they checked with the Tax Court and they phoned me back and said that the Tax Court had no information in this regard.

The Court indicated it would grant the Commissioner's motion to dismiss appellant's case for lack of prosecution, and the order was entered on February 17, 1970.[8]

Plainly, the Tax Court was not aware of appellant's inability to be at trial. In addition, Judge Fay was not aware of taxpayer's suggestion that the trial be conducted through affidavits. Even more significantly, the judge was not advised of the significant fact that there were stipulation negotiations in progress. Government counsel merely identified Mr. Pasternack's January 13 reply to the IRS letter of January 2 by reference to taxpayer's statement that he did not want to lose by default. Counsel gave not a hint, breath, or glimmer of reference to the content of the taxpayer's letter as one that was responsive to the Commissioner's proposal for stipulation. We are much troubled by the selective nature of the presentation of the situation by Government counsel, given the absence of counsel for the taxpayer.

If the Tax Court had been in possession of appellant's response before the trial no default would have been entered.

Judge Fay made this crystal clear—both by vacating the default judgment, and by his remarks at the subsequent hearing when he said that the Court had entered its default decision "in a blind way—without all the facts before it", but nevertheless, concluded he was compelled to undo that corrective order.[9]

■■ At the very least, appellant's letter was timely as a motion for a continuance. The Tax Court's Rule 27(d) provides:

*Continuances—motions—trials.* (1) Court action on cases set for hearing on motions or trial will not be delayed by a motion for continuance unless it is timely,[8] sets forth good and sufficient cause, and complies with all applicable Rules.

While continuances are within the sound discretion of the Tax Court, Balestrieri & Co. v. C. I. R., 117 F.2d 867 (9th Cir. 1949), certainly Rule 27(d) cannot fairly be reconciled with a procedure that resulted in no consideration to proposed reasons for postponement.

## II. FINALITY OF JUDGMENT

Appellant first learned of the default on March 16, 1970, when he received the Commissioner's letter dated February 9, 1970, sent by surface mail, which advised that the proposed stipulations had become moot.[10] In his reply on the same date to the Tax Court, appellant

---

8. The Government agreed to drop a deficiency claim against petitioner's former wife.

9. See pp. 8–9 Tr. of Hearing, Feb. 26, 1971, where Judge Fay stated:

[the] Court was not aware of what was in the record. And the Court, so to speak, in a blind way entered a decision. Without all the facts before it. The facts which were available to the Court —and I entered an order to dismiss. And then, some time subsequent thereto, it came to my attention that there was a document in the Court's file, or it should have been in the Court's file. . . . It wasn't the fault of the taxpayer. It was the fault of the Court. And, the Court without that document

would not have entered the decision that was entered. . . .

Judge Fay did not specifically refer to the fact that appellant had not filed a response to the Status Report within the 80 day time period. But in a prior response to a proposed trial date, when appellant exceeded the time limit set, due to constant travel requirements, his trial date was rescheduled.

10. The Tax Court's Rules of Practice do not provide that notice of default judgment be served upon the defaulting party. Any possible issue of due process that might be raised in this regard is not reached here due to the view we take of this case. Suffice it to say, that ordinarily a taxpayer will be advised of the

recounted his response to the Trial Status Report, his negotiations with the Commissioner on proposed stipulations, and his belief that the trial was not to be held on January 26, 1970. His letter ended with this paragraph:

> I would be very grateful, in the event my case has been dismissed, to reconsider it in the light of the background herein presented. If even this is not possible, kindly advise me of any rights of appeal open to me.

This letter was received by the Tax Court on March 24, 1970, which, under Tax Court rules for the computation of time,[11] was 35 days from the date of judgment, February 17, and thus not within the 30 day period allowed for making a motion for reconsideration.[12] This document was inadvertently misplaced, as Judge Fay noted in his November 16, 1970, ruling vacating the default.[13]

The Commissioner contended that the February 17, 1970, judgment became final and unappealable on May 18, 1970, and that the Tax Court was without jurisdiction on November 16, because the 90 day appeal time had expired[14] to grant the taxpayer relief. The Tax Court adopted this view on March 31, 1971, and vacated its prior order, thereby reinstating the default judgment.

■ Although courts must normally adhere to statutory commands of finality,[15] such commands are normally read in the light of an overriding interest of correcting injustice whenever there is fraud on the court[16] or the integrity of the judicial process or functioning has been undercut.[17] We do not reach the finality question, however, since we think appellant's March 24 letter, and particularly the last sentence quoted above, conveying intent to appeal if reconsideration was not possible, is fairly to be taken as a notice of appeal. As the Ninth Circuit noted in Yanow v. Weyerhaeuser S.S.Co., 274 F.2d 274, 282–283 (1959):

> There is a considerable body of authority indicating that in determining whether an attempted appeal has been accomplished, most informally drawn papers and improperly labeled documents have been held sufficient to accomplish the apparent objective of taking an appeal. . . .

> The rationale of the cases relating to informal or irregular appeals is that notwithstanding the papers filed were inaptly worded, or labeled, or even failed to use the word "appeal", or were filed in the wrong court, yet they sufficed to show the party intended to appeal.

■ This approach, of treating the letter as a notice of appeal, is fortified by the background of this case; the dismissal would not have been entered but for the loss by the Tax Court of appellant's response to the calendaring notice, and the somewhat selective answers of the Commissioner to the Tax Court's inquiries regarding the status of the case. It is fair to assume that in view of appellant's lack of ready availability for

---

probability of default judgment being entered, if he does not appear for trial, in the required trial notice, which Mr. Pasternack never received. It was, therefore, a fortuity that he was so advised by the Commissioner, who had no obligation to perform that act.

11. Rule 61, TCRP.

12. Rule 19(e) provides: No motion for retrial, further trial or reconsideration may be filed more than 30 days after the opinion has been served, except by special leave. Although appellant mailed his response within the 30 day period, this was not timely under Treasury Regulation on Procedure and Administration,

301.7502–1–(c)(ii) (1972) which provides that timely filing is governed by the date of receipt in the case of a letter bearing a foreign postmark.

13. Order of the Tax Court, Docket No. 6081–66, November 10, 1970.

14. 26 U.S.C. § 7483 (Supp.1972).

15. *See* Denholm & McKay Co. v. Commissioner, 132 F.2d 243 (1st Cir. 1942).

16. Kenner v. C.I.R., 387 F.2d 689, 691 (7th Cir. 1968).

17. Greater Boston TV Corp. v. FPC, 149 U.S.App.D.C. 322, 463 F.2d 268, 278 (1971).

trial in the United States, the Tax Court would at least have recessed for inquiry whether this case might not proceed by stipulations, affidavits, or deposition.[18]

Under the view we have taken of this case, this court has before it not only an appeal from the Tax Court's order of March 31, 1971, but also an appeal from the default of February 17, 1970. In light of appellant's timely appeal of March 24, 1970, we vacate the judgment of February 17, 1970. The default judgment was entered on the basis of a record that was misleading to the trial judge—because of the non-filing of the letter sent to the Tax Court by appellant on November 4, 1969, and the selective presentation of IRS counsel—and its maintenance is not in the interest of justice, see 28 U.S.C. § 2106.

Reversed and remanded for further proceedings.[19]

So ordered.

---

18. *See* Rule 30, TCRP, which provides for Submission Without Trial or Appearance, and Rule 31, which provides for Stipulations.

19. The November 16, 1970 and March 31, 1971, Tax Court orders were entered on the assumption that appellant's March 24, 1970, letter was only a motion to vacate. Since in our view it is also properly taken as a notice of appeal, and the February 17, 1970, default judgment must be vacated, we need not give further consideration to the subsequent orders of the Tax Court.