**Sam RABIN, Plaintiff-Appellant,**

v.

**Henry COHEN, B & H Processing Co., and Peterson Manufacturing Co., Inc., Defendants-Appellees.**

**No. 77–2599.**

United States Court of Appeals, Ninth Circuit.

Jan. 10, 1978.

Before HUFSTEDLER and HUG, Circuit Judges.

This is a case which illustrates the procedural pitfalls which await litigants who fail to obtain a final judgment in compliance with Rule 58's separate order doctrine. Fed.Rules Civ.Proc., Rule 58. The district court dismissed the plaintiff's complaint after granting summary judgment in favor of defendants. A timely notice of appeal was filed by plaintiff and timely notices of cross-appeal were filed by defendants as to that part of the district judge's order which denied in part their motion for summary judgment. On May 9, 1977, this court dismissed all three appeals for failure to comply with Rule 58, stating in pertinent part, "Upon entry of a judgment, if a new appeal is taken, then upon stipulation or motion the record in these appeals may be transferred to the new appeal."

At this point, confusion set in. Defendants note that no procedural rule nor court rule explicitly states whether in this situation all sides need file new notices of appeal. They state, through their attorneys, that the May 9 order was ambiguous and that they therefore entered into a series of oral communications with the Clerk's Office of this court, by which they were led to

believe that only the plaintiff need file a new notice of appeal and that by motion or stipulation of the parties, the former cross-appeals as well as the records and briefs in the three former appeals could be transferred to the new appeal. Following this advice, a new judgment was obtained on June 28, and the plaintiff filed a new notice of appeal on June 30. On July 19, all parties filed a stipulation and motion in this court requesting that the prior record and briefs be transferred to the new appeal, which motion was granted by this court on August 18.[1] The defendants' reply briefs in the cross-appeals had not previously been due, and their motion of September 5, requesting an extension of time in which to file the reply briefs, first brought to the attention of this court the fact that no new notices of cross-appeal had been timely filed.

■ The order of May 9 dismissed each pending appeal for failure to comply with Rule 58, and a new judgment was issued. It was then necessary for each party wishing to appeal, including cross-appellants, to file a new notice of appeal from this new judgment in compliance with Rules 3 and 4, Fed.Rules App.Proc.; the prior notices were rendered null by the dismissal of the appeals to which they related. Thus, they cannot be treated as premature notices of appeal. (*E. g., Song Jook Suh v. Rosenberg* (9th Cir. 1971) 437 F.2d 1098.[2]) On the peculiar facts of this case, we assume that the timely filing of the stipulation and motion was intended by all parties to serve the purpose of reinstating all three former appeals. As plaintiff joined in the stipulation, he had adequate notice of the intention to prosecute the appeal at all relevant times.

■ It is well settled that this Circuit adheres to the liberal view by which "courts of appeals have discretion, when the interests of substantive justice require it, to disregard irregularities in the form or pro-

cedure for filing a notice of appeal." (*Cobb v. Lewis* (5th Cir. 1974) 488 F.2d 41, 44. *See Firchau v. Diamond National Corporation* (9th Cir. 1965) 345 F.2d 269, 271; *Poe v. Gladden* (9th Cir. 1961) 287 F.2d 249, 251; *Yanow v. Weyerhauser Steamship Company* (9th Cir. 1958) 274 F.2d 274, 282–83 (*en banc*) cert. denied (1958) 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed.2d 812; *St. Marie v. United States* (9th Cir. 1940) 108 F.2d 876.) Thus, documents which are not denominated notices of appeal will be so treated when they serve the essential purpose of showing that the party intended to appeal, are served upon the other parties to the litigation, and are filed in court within the time period otherwise provided by Rule 4(a). (*Curtis Gallery & Library, Inc. v. United States* (9th Cir. 1967) 388 F.2d 358, 360; *Davis v. Department of Corrections* (9th Cir. 1971) 446 F.2d 644, 645; *Cutting v. Bullerdick* (9th Cir. 1949) 178 F.2d 774, 776–77, 12 Alaska 528; *accord, Cobb v. Lewis, supra; Pasternack v. Commissioner of Internal Revenue* (1973) 155 U.S.App.D.C. 384, 392–93, 478 F.2d 588, 593–94; *Carter v. Campbell* (5 Cir. 1960) 285 F.2d 68, 72; *Crump v. Hill* (5th Cir. 1939) 104 F.2d 36.)

"The rationale of the cases relating to informal or irregular appeals is that notwithstanding the papers filed were inaptly worded, or labeled, or even failed to use the word 'appeal', or were filed in the wrong court, yet they sufficed to show the party intended to appeal." (*Yanow v. Weyerhauser Steamship Company, supra,* 274 F.2d at 283.)

In *Curtis Gallery & Library, supra,* this court stated that an appellant's application for leave to proceed upon the original record and our order granting such leave could serve as an adequate notice of appeal, where a timely but premature notice of appeal had been filed. (388 F.2d at 360.) The Fifth Circuit, in *Carter v. Campbell, supra,* similarly treated a motion for leave

---

1. That order stated:

"Upon due consideration, the parties' stipulation is accepted and the record and briefs in appeals No. 76–3048, 76–3062, and 76–3068 are transferred to this appeal."

2. It is now too late for the defendants to move in the district court for an extension of time to file the notices of cross-appeal on grounds of excusable neglect, as that period expired 60 days after the filing of the new judgment. Rule 4(a), Fed.Rules App.Proc.

to prosecute an appeal on the original record, where the opposing party had timely notice due to other proceedings in the district court. (285 F.2d at 71–72.) The instant case falls well within the rationale of this precedent. The stipulation was timely filed and intended by all to reinstate the cross-appeals. While we caution that the proper procedure is to file separate notices of appeal in the circumstances, we will treat the stipulation as a timely notice of both cross-appeals. As the court noted in *Carter v. Campbell, supra,* technical irregularity will not destroy the right to appeal where the parties have proceeded on the assumption that the appeal has been properly taken. (*Id.*) Therefore, defendants are directed to pay the proper filing fees and to obtain new docket numbers for their cross-appeals within fourteen days of the issuance of this order and to thereupon file their reply briefs in the cross-appeals. The three appeals are hereby consolidated for our review on the merits (Rule 3(b), Fed. Rules of App.Proc.), and the record and briefs previously filed will apply to all three appeals as per our order of August 18, 1977.

IT IS SO ORDERED.