15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Roger W. KNIGHT, Debtor.
Roger W. KNIGHT, Appellant,
v.
WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, Appellee.
 No. 92-35515.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1993.*
Decided Jan. 5, 1994.
 
 Before: GOODWIN, CANBY and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Smith v. Barry, 112 S.Ct. 678, 682 (1992), holds that, where the appellant is pro se, a notice of appeal by any other name counts as a notice of appeal if it specifically indicates the litigant's intent to seek appellate review and is filed within the time allowed by Fed.R.App.P. 4. See also Rabin v. Cohen, 570 F.2d 864, 866 (9th Cir.1978) (two judge panel). The same rule applies to B.R. 8002. See Advisory Committee Note to B.R. 8002 (1983) ("This rule is an adaptation of Rule 4(a) F.R.App.P."); In re Sweet Transfer & Storage, Inc., 896 F.2d 1189, 1192 (9th Cir.1990) (interpreting B.R. 8002(b) in light of Fed.R.App.P. 4). There is no requirement that the order which prompted the new notice be related to the subject matter of the earlier order. Cf. BAP Amended Order of Dismissal n. 1 (Apr. 13, 1992).
 
 
 3
 Here, Knight filed an amendment to his original notice of appeal of the Order Granting Relief from Stay to "appeal ... the Findings of Fact, Conclusions of Law, and Order Dismissing Chapter 13 Action and Granting Other Relief." ER 5-6. The amendment was filed well within the time provided by B.R. 8002 and clearly indicated Knight's intent to appeal from the bankruptcy court's order of dismissal. Under Smith, this amendment counts as a notice of appeal, but Knight must pay the required filing fee for the new notice. See Rabin, 570 F.2d at 867.[1] We remand to the BAP with instructions to construe Knight's amendment as a notice of appeal from the dismissal of his Chapter 13 petition.
 
 
 4
 Appellant suggests that the appeal is in any case moot because the BAP can't grant any effective relief. Because Knight challenges his $500 fine for frivolous filing of the petition, his appeal is not moot.
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Knight did not make any of the motions that would excuse payment of filing fees under Rule 8002(b)