Robert Hayden NESBITT, Jr.,
Plaintiff–Appellant,

v.

Neil WARABAYSHI; et al.,
Defendants–Appellees.

No. 07–16372.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 15, 2009.

Robert Hayden Nesbitt, Jr., Crescent City, CA, pro se.

Kathleen J. Williams, Williams & Associates, Sacramento, CA, Wendy A. Gomez Getty, Fairfield, CA, for Defendants–Appellees.

Before GOODWIN, WALLACE and RYMER, Circuit Judges.

MEMORANDUM **

Robert Hayden Nesbitt, Jr., a California state prisoner, appeals pro se from the district court's order denying his motion for relief from the judgment pursuant to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Federal Rule of Civil Procedure 60(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir.2004), and we affirm in part, vacate in part, and remand.

■ We are not persuaded that Nesbitt's May 17, 2006 filing should be treated as a notice of appeal because the document did not indicate an intent to appeal and it was not served on the appellees. *Cf. Rabin v. Cohen*, 570 F.2d 864, 866 (9th Cir. 1978) (explaining that a document not denominated as a notice of appeal will be treated as such if it indicates an intent to appeal, is served on other parties, and is filed within the time specified by Fed. R.App. P. 4).

■ The district court did not abuse its discretion by denying Nesbitt's motion for relief from judgment pursuant to Rule 60(b)(3) because Nesbitt failed to present clear and convincing evidence of fraud, misrepresentation, or misconduct. *See* Fed.R.Civ.P. 60(b)(3); *Casey*, 362 F.3d at 1260 (explaining the requirements of Rule 60(b)(3)).

■ However, we vacate the order denying Nesbitt's motion under Rule 60(b)(6). The district court denied the motion on the ground that Nesbitt had several opportunities to comply with the court's order to file a pretrial statement well before he was transferred to San Quentin in December 2005. However, the relevant inquiry is whether Nesbitt could have filed the pretrial statement by March 3, 2006, the court-imposed deadline. Nesbitt's motion alleged that circumstances beyond his control prevented him from doing so. Because Rule 60(b)(6) provides for relief on this basis, we vacate the district court's order and remand for the district court to reconsider whether Nesbitt is entitled to relief. *See Harvest v. Castro*, 531 F.3d

737, 749 (9th Cir.2008) (explaining that a party moving for relief under catch-all provision of Rule 60(b)(6) must demonstrate both injury and that circumstances beyond his control prevented him from proceeding with the action in a proper fashion); *Cmty. Dental Servs. v. Tani, DDS*, 282 F.3d 1164, 1171–72 (9th Cir.2002) (en banc) (holding extraordinary circumstances beyond the plaintiff's control merited relief from default judgment under Rule 60(b)(6)); *see also SEC v. Coldicutt*, 258 F.3d 939, 941 (9th Cir.2001) (explaining that a district court abuses its discretion in denying a Rule 60(b) motion if it rests its decision on a clearly erroneous finding of material fact).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**