NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



OTR WHEEL ENGINEERING, INC.;
BLACKSTONE/OTR, LLC; F.B.T.
ENTERPRISES, INC.,

Plaintiffs-Appellees-
Cross Appellants,

v.

WEST WORLDWIDE SERVICES, INC.;
SAMUEL J. WEST, individually, and his
marital community; SSL CHINA, LLC;
QINGDAO STW TIRE CO. LTD.; SSL
HOLDINGS, INC.,

Defendants-Appellants-
Cross-Appellees.

Nos. 16-35897
16-35936

D.C. No. 2:14-cv-00085-LRS

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted March 7, 2018
Seattle, Washington

Before: RAWLINSON, CLIFTON, and CHRISTEN, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

A jury found West liable to OTR for violating the Lanham Act prohibition against false designation of origin (specifically by reverse passing off OTR tires as being West's product); tortiously interfering with a contract between OTR's partner, Solideal, and the manufacturer of OTR tires for Solideal, Superhawk; tortiously interfering with a business relationship between OTR and its customer Genie and also with a business relationship among OTR, Solideal, and Superhawk; and violating the Washington Consumer Protection Act.[1] West appeals the judgment entered against it, and OTR cross-appeals the denial of a new trial as to some of its Lanham Act claims.

The facts of this case have been related in detail in a concurrently filed opinion that discusses some of the issues raised on appeal. *See OTR Wheel Engineering, et al v. West Worldwide Services, et al*, 16-35897 (9th Cir. 2018). That opinion deals with the Lanham Act issues raised by this appeal. In this

---

[1] This case involves multiple plaintiffs and multiple defendants. Plaintiffs are OTR Wheel Engineering, Inc.; Blackstone/OTR, LLC; and F.B.T. Enterprises, Inc.. Defendants are West Worldwide Services, Inc.; Samuel J. West, individually, and his marital community; SSL China, LLC; Qingdao STW Tire Co. Ltd.; and SSL Holdings, Inc. In briefing, the parties refer to each side generally as "OTR" for the Plaintiffs/Appellees/Cross-Appellants and "West" for the Defendants/Appellants/Cross-Appellees. Where Plaintiffs prevailed, the judgment was for all Plaintiffs against all Defendants. Likewise, where Defendants prevailed, the judgment was for all Defendants against all Plaintiffs. There is no need to draw any distinctions among plaintiffs or among defendants. We therefore follow the parties in referring to each side simply as OTR and West.

memorandum disposition, we affirm the jury's verdicts on tortious interference and the Washington Consumer Protection Act. We also affirm three challenged evidentiary rulings. We vacate the preliminary injunction and remand to the district court to consider West's claim against the injunction bond. We also reverse the district court's order granting OTR prejudgment interest.

## 1.  Tortious Interference

West seeks to challenge the jury's verdict against him on some of the tortious interference claims. But West cannot challenge the sufficiency of the evidence for the tortious interference claims because he did not raise those arguments in a Rule 50(a) motion before the district court. *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).

West did object to the tortious interference jury instructions, arguing that the instructions should require the jury to find that OTR was an intended beneficiary of the contract between Solideal and Superhawk. The challenge to those instructions is properly before us. *United States v. $11,500.00 in United States Currency*, 869 F.3d 1062, 1067 (9th Cir. 2017). A district court's formulation of civil jury instructions is reviewed for an abuse of discretion, and will not be reversed if harmless. *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1085 (9th Cir. 2017). But

review is de novo whenever the challenge is based on a question of law. *Spencer v. Peters*, 857 F.3d 789, 797 (9th Cir. 2017).

Instruction 35 asked the jury to determine whether West interfered with a business relationship between Superhawk, Solideal, and OTR. As written, the instruction matches the elements of tortious interference with a business relationship. *See Hoffer v. State*, 755 P.2d 781, 791 (Wash. 1988). Thus, the instruction is not erroneous.

Instruction 32 asked the jury to determine whether West tortiously interfered with a contract between Solideal and Superhawk. But the instruction did not state that OTR must have been the party whose contractual relationship had been interfered with. Thus, the instruction may have been erroneous. *See Calbom v. Knudtzon*, 396 P.2d 148, 151 (Wash. 1964). Even if the instruction was erroneous, however, any error was harmless. The jury was instructed to calculate damages if it found tortious interference with a contract *or* a business relationship. The jury was directed to consider OTR's lost profits due to West's interference and the increased operation costs OTR incurred as a result of West's actions. The interference at issue here is the same, regardless of whether the offending conduct was interference in a contract or a relationship. The damages should be the same.

Thus, even if no tortious interference with a contract could properly have been found, the damages would remain unchanged.

**2.      Washington Consumer Protection Act**

West argues that no reasonable jury could find that he violated the Washington Consumer Protection Act (WCPA). A jury's verdict must be upheld if supported by "substantial evidence." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017). Substantial evidence is evidence adequate to support the jury's conclusion, even if it is possible to draw a contrary conclusion from the same evidence. *Id.*

West argues that the WCPA claim was derivative of the trade dress and trade secret claims, on which OTR did not prevail. OTR did prevail on its reverse passing off claim, though, which was a violation of the Lanham Act, and which could support the jury verdict in favor of OTR on the WCPA claim.

West also argues that OTR failed to establish the public interest element of a WCPA claim. West waived that argument, however, by failing to include it in his Rule 50(a) motion.

**3.      Evidentiary Rulings**

West challenges three of the district court's evidentiary rulings. Evidentiary rulings are reviewed for an abuse of discretion. *Spencer*, 857 F.3d at 797. To

reverse on the basis of an erroneous evidentiary ruling, the court must conclude both that the district court abused its discretion in its decision and also that the error was prejudicial. *Wagner v. Cty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013).

West sought to admit a report comparing a Genie tire with one of West's tires. The district court excluded the report and related testimony on the grounds that the report was an expert opinion and the report's author was not available to testify. We agree with the district court that the report was an expert opinion. Thus, it was appropriate to exclude the report and to exclude the lay witness from testifying as to the report's contents. Fed. R. Evid. 701(c), 702.

West sought to admit a statement made by OTR's patent attorney during his deposition. The district court excluded the statement on the grounds that it was a legal opinion. West cannot establish prejudice as to the exclusion because the statement pertained to information that had previously been provided to the PTO by Patrick Smith.

Finally, West sought to exclude the admission of various written agreements between Superhawk and Solideal. West is unable to establish prejudice as to these agreements. The documents established the relationship between Superhawk and Solideal. The jury was told about that relationship by the witness who described

6

the documents. He described the relationship before the documents were admitted into evidence, and West did not object to his testimony. The jury also learned about that relationship from the emails between Superhawk and West discussing whether to secretly use the Solideal mold.

**4.      Preliminary Injunction**

West seeks to appeal the district court's decision to maintain the preliminary injunction pending appeal. We review the district court's order maintaining the preliminary injunction for abuse of discretion. *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir. 1994).

OTR argues that we do not have jurisdiction to review the injunction because preliminary injunctions are interlocutory, and according to OTR, this is not an interlocutory appeal. But a party may file an interlocutory appeal from an order refusing to dissolve an injunction. 28 U.S.C. § 1292(a)(1). In his notice of appeal, West clearly signaled his intent to appeal the preliminary injunction by titling the appeal, "Preliminary Injunction Appeal" and by specifying that he was appealing the court's order on his motion to suspend or lift the preliminary injunction. Accordingly, we have jurisdiction to review the order on the preliminary injunction. *See* Fed. R. App. P. 3(c)(4) (An "appeal must not be

7

dismissed for informality of form or title of the notice of appeal."); *cf. Rabin v. Cohen*, 570 F.2d 864, 866 (9th Cir. 1978).[2]

The decision by the district court to leave the preliminary injunction in effect pending appeal was explicitly intended to maintain it "pending the Ninth Circuit's determination whether to uphold the jury's verdict finding OTR's registered trade dress invalid." As we have upheld that verdict, there appears to be no reason for that preliminary injunction to remain in effect.

OTR argues that even if its trade secret and infringement claims failed, its successful claims justify the retention of the preliminary injunction. We disagree. That does not appear to have been the intent of the district court. The comments by the court cited by OTR pertained to the possibility of West claiming against the bond for the restrictions imposed under the injunction prior to trial, not to maintaining the preliminary injunction pending appeal. Moreover, OTR's successful claims would not ordinarily support the entry of injunctive relief, and the jury verdict here did not appear to support OTR's argument for maintaining the preliminary injunction. OTR prevailed on claims for reverse passing off, tortious

_____

[2] This would be West's second interlocutory appeal relating to the preliminary injunction, but there is no rule against multiple interlocutory appeals. *See Behrens v. Pelletier*, 516 U.S. 299, 309 (1996). Given that the underlying merits have been decided, there are different legally relevant factors at issue in this second interlocutory appeal.

interference, and violating the WCPA. Those claims assert singular harms and are therefore suitable to be remedied with damages, not an injunction. Indeed, by awarding only part of the damages calculated by the OTR expert, the jury indicated that further damages are not being suffered.

OTR has not cited any expert testimony indicating that West could not have developed and marketed his own product by now. West can presumably approach a customer without passing off an OTR tire, tortiously interfering in any of OTR's contracts or business relationships, or committing an unfair or deceptive act under the WCPA. Absent the existence of a trade dress or some other intellectual property, West should not be enjoined from competing.

At this point, it appears appropriate to vacate the preliminary injunction. If there is a basis for further injunctive relief, it can be considered by the district court on remand, as the permanent injunction question is not before us. The district court may also consider West's claims on the injunction bond.

## 5. Prejudgment Interest

Applying Washington law, the district court awarded OTR prejudgment interest at a rate of 12 percent. Whether interest is permitted as a matter of law is reviewed de novo. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 716 (9th Cir. 2004). The court's selection of an appropriate rate of interest, however, is

reviewed for an abuse of discretion. *Dishman v. UNUM Life Ins. Co.*, 269 F.3d 974, 988 (9th Cir. 2001).

It was proper to apply Washington law in determining the availability and rate of prejudgment interest. *See Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 961 (9th Cir. 2008).

Under Washington law, prejudgment interest is awardable for liquidated claims. *Hansen v. Rothaus*, 730 P.2d 662, 664 (Wash. 1986). A claim is liquidated in Washington when "the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." *Id.* at 665. "The rationale for this rule is that it would be unfair to hold a defendant accountable for interest on an amount that is unquantifiable and unforeseeable prior to a jury verdict. A defendant cannot stop the running of interest by paying the plaintiff if that defendant does not know the amount due." *Rekhter v. State, Dep't of Soc. & Health Servs.*, 323 P.3d 1036, 1047 (Wash. 2014).

OTR's damages expert had actual data on the number of tire assemblies West sold between June 2013 and May 2014. He also had data on the price and cost per unit. He used these data to calculate lost profits, adding some extra

shipping costs OTR incurred to meet Genie's demand to quickly ramp up production.

The data on the number of sales was based on an assumption, however. OTR's expert assumed that if West had not used OTR's development tire, then OTR would have accounted for all of the sales to Genie between June 2013 and May 2014. To support this assumption, the expert stated that he saw a declaration by a Genie executive indicating that Genie preferred to maintain a single supplier. But that is not enough to establish that OTR would not have faced competition for Genie's business. If West had not used OTR's development tire, he could have acquired his own development from a different supplier at a later point in time. Indeed, he presumably filled the orders from Genie using his own tires. He, or somebody else, would presumably have been able to begin supplying Genie at some point during the damages period.

Given that the sales volume data was based in part on an assumption, "the exact amount [of the damages] cannot be definitively fixed from the facts proved." *Hansen*, 730 P.2d at 665. Accordingly, the claim is unliquidated. *Id.* Indeed, the jury applied discretion in choosing to reduce the award from the amount calculated by the expert witness. That further illustrates that the calculation of damages was unliquidated because it reflected the jury's judgment in partial but not complete

11

reliance on the expert's opinion. *See Douglas Nw., Inc. v. Bill O'Brien & Sons Const., Inc.*, 828 P.2d 565, 582 (Wash. Ct. App. 1992); *see also St. Hilaire v. Food Servs. of Am., Inc.*, 917 P.2d 1114, 1119 (Wash. Ct. App. 1996).

We reverse the district court's order granting OTR prejudgment interest and remand for entry of a corrected judgment.

Each party to bear its own costs.

**AFFIRMED in part, VACATED in part, REVERSED in part; REMANDED.**

FILED

JUL 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*OTR Wheel Engineering, Inc. v. West Worldwide Services Inc.*
**Case Nos. 16-35897, 16-35936 and 16-35982**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.